UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
**KEVIN P. BINCKES,**

                Plaintiff,

        - against -

**COMMISSIONER OF SOCIAL SECURITY,**

                Defendant.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-CV-635 (AMD)

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff seeks review of the Social Security Commissioner's decision that he was not disabled for the purposes of receiving disability insurance under Title II of the Social Security Act. For the reasons set forth below, I grant the Commissioner's motion for judgment on the pleadings and affirm the Appeals Council's decision to dismiss the plaintiff's untimely request for review.

## BACKGROUND

      On April 13, 2015, the plaintiff filed an application alleging disability due to depression, bipolar disorder and anxiety. (Tr. 15, 193.) After his application was denied, the plaintiff made a written request for hearing, which was also denied because he submitted it after the sixty-day deadline without showing "good cause." (Tr. 68-69.)

      The plaintiff protectively filed applications for supplemental security income ("SSI") and disability insurance benefits on August 10, 2016. (Tr. 172-179.) The plaintiff's applications were denied on September 19, 2016. (Tr. 81-88.) At the plaintiff's request (Tr. 112-13), a hearing took place before ALJ David J. Begley on July 10, 2018, at which the plaintiff—who

was represented by an attorney—testified. (Tr. 30.) A vocational expert also testified at the hearing. (*Id.*)

In a decision dated September 27, 2018, the ALJ denied the plaintiff's application in part. (Tr. 11-29.) The ALJ concluded that: (i) the plaintiff was disabled as of September 7, 2016, but not before, and thus, was not entitled to disability insurance benefits under Title II[1]; and (ii) the plaintiff qualified for SSI beginning on September 7, 2016. (Tr. 25.) The notice of decision included instructions for filing an appeal if the plaintiff disagreed with the decision. (Tr. 11-13.) Specifically, the decision advised the plaintiff that he must file a written appeal "**within 60 days** of the date you get this notice," that he would be assumed to have received the notice "5 days after the date of the notice unless you show you did not get it within the 5-day period," and that the "Appeals Council will dismiss a late request unless you show you had a good reason for not filing it on time." (Tr. 11-12 (emphasis in original).)

The plaintiff filed a request for review of the ALJ's decision on April 18, 2019, more than five months after the notice of decision. (Tr. 9-10.) The Appeals Council dismissed the plaintiff's request on December 18, 2019, finding that the plaintiff's request was untimely and that he had not established "good cause" for the late filing. (Tr. 4-5.) Because the plaintiff submitted additional evidence on the merits of his application with his appeal, the Appeals Council directed the ALJ "to determine whether [this evidence] warrants any change in the decision" under the relevant standards for reopening a final decision. (Tr. 5.)

The plaintiff filed this *pro se* action on February 4, 2020. (ECF No. 1.) The Commissioner filed a motion for judgment on the pleadings on July 6, 2020 (ECF No. 10), and

---

[1] The plaintiff needed to establish disability on or before December 31, 2014 to be deemed eligible. (Tr. 16.)

2

the plaintiff filed his opposition on September 16, 2020 (ECF No. 13). On September 23, 2020, the Commissioner filed a reply. (ECF No. 14.)

## STANDARD OF REVIEW

"When considering whether the Appeals Council erred in dismissing a claimant's request for review," the Court evaluates whether there was an "abuse of discretion, and substantial evidence as to any fact." *Jacqueline E. v. Saul*, No. 17-CV-414, 2020 WL 1234949, at *4 (W.D.N.Y. Mar. 13, 2020) (citing *Smith v. Berryhill*, 139 S. Ct. 1765, 1779 n.19 (2019)). "'[S]ubstantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). A district judge may not "substitute [her] own judgment for that of the Secretary," even if she would have made a different decision. *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991).

## DISCUSSION

A claimant has sixty days to appeal an ALJ's decision, and if the claimant misses the deadline without establishing "good cause" for doing so, the Appeals Council dismisses the request for review. 20 C.F.R. §§ 404.968(a), 416.1471. The Appeals Council did not abuse its discretion by dismissing the plaintiff's request for review as untimely; its conclusion was supported by substantial evidence.

First, there was substantial evidence that the plaintiff's request for review was untimely. A claimant seeking review of an ALJ's decision must submit a written request for review to the Appeals Council within sixty days of receiving notice of the ALJ's decision. 20 C.F.R. §§ 404.968(a), 416.1471. A claimant is deemed to have received this notice five days after the date on the notice, §§ 404.901, 416.1401—a presumption the claimant may rebut only by a "reasonable showing to the contrary." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).

Because sixty-five days from September 27, 2018 is December 1, 2018, the plaintiff's April 18, 2019 request was late. (Tr. 9.) No evidence rebuts the presumption that the plaintiff received notice of the ALJ's September 27, 2018 decision within five days of the decision date, and the plaintiff does not claim otherwise. (*See* ECF No. 13.)

Second, the Appeals Council's determination that the plaintiff did not establish good cause for missing the deadline was well-supported and within its discretion. A claimant may receive an extension of the sixty-day deadline upon a showing of "good cause." 20 C.F.R. §§ 404.968(b), 416.1468(b). In determining the presence of good cause, the Appeals Council considers "[w]hat circumstances kept [the claimant] from making the request on time;" "[w]hether [the Social Security Administration's] action misled [the claimant];" "[w]hether [the claimant] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions;" and "[w]hether [the claimant] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review." §§ 404.911(a), 416.1411(a). "Examples of circumstances where good cause may exist include . . . [that] [t]here was a death or serious illness in your immediate family . . . [or] [y]ou were trying very hard to find necessary information to support your claim, but did not find the information within the stated time period." §§ 404.911(b), 416.1411(b).

The plaintiff represented to the Appeals Council that his lawyer "informed him that he would not file [the plaintiff's] appeal" (Tr. 4), but the plaintiff does not explain why he did not submit the request himself or seek assistance from another lawyer. On appeal, the plaintiff offers different explanations: he asserts that (i) his attorney refused to assist him on appeal and he could

4

not find another lawyer to help him at that point; (ii) he was afraid to appeal because his attorney told him he could "lose everything" on appeal; (iii) he did not want to appeal until he had obtained certain hospital records that took more than "9 or 10 weeks" to receive; and (iv) he was flying down to Florida to attend to his ailing mother who is suffering from Alzheimer's disease. (ECF No. 13 at 1-2.) The plaintiff did not proffer these explanations to the Appeals Council. Nor does his *pro se* status explain why he did not raise these claims to the Appeals Council.[2]

In any event, the plaintiff's claims do not establish good cause because they are not supported by corroborating evidence. *See Jacqueline E. v. Saul*, No. 17-CV-00414, 2020 WL 1234949, at *5 (W.D.N.Y. Mar. 13, 2020) ("As it is the claimant's burden to show good cause, the [C]ourt can find no abuse of discretion where [the p]laintiff failed to present any retrospective documentation regarding h[is] untimely filing" (internal quotation marks and alterations omitted).). *Cf. Lee v. Comm'r of Soc. Sec.*, No. 19-CV-953, 2020 WL 6636403, at *4 (W.D.N.Y. Nov. 12, 2020) ("The conclusory statements of Plaintiff's attorney and the statements of his staff member do not provide objective evidence to rebut the presumption of receipt.").

---

[2] The record suggests that the plaintiff was familiar with the appeal procedures and the consequences of late filings. (*See* Tr. 65-69 (June 29, 2016 notice dismissing as untimely the plaintiff's request for hearing in connection with the denial of his initial, April 2015 disability application).)

## CONCLUSION

As the plaintiff did not establish good cause for his untimely request for review, the Appeals Council did not abuse its discretion by dismissing the request. The Commissioner's motion for judgment on the pleadings is granted. The decision of the Appeals Council is affirmed.

**SO ORDERED.**

                                                 s/Ann M. Donnelly
                                                 ANN M. DONNELLY
                                                 United States District Judge

Dated: Brooklyn, New York
         March 16, 2021